UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 20-1825 JGB (SPx)** | Date | December 16, 2020 |
| Title | *Arthur Lopez, et al. v. FCA US LLC, et al.* | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) DENYING Plaintiff's Motion for Remand (Dkt. No. 16); and (2) VACATING the December 21, 2020 Hearing (IN CHAMBERS)

Before the Court is Motion for Remand filed by Plaintiffs Christina and Arthur Lopez. ("Motion," Dkt. No. 16.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court DENIES the Motion. The Court vacates the hearing set for December 21, 2020.

## I. BACKGROUND

On July 27, 2020, Plaintiffs Arthur Lopez and Christina Lopez filed a complaint in Riverside County Superior Court against Defendant FCA US, LLC ("Defendant FCA") and Doe Defendants. ("Complaint," Dkt. No. 1-1.) Defendant FCA removed the action on September 4, 2020. (Dkt. No. 1.) Plaintiffs' Complaint alleged 3 causes of action: (1) Breach of Implied Warranty of Merchantability under the Song-Beverly Warranty Act; (2) Breach of Express Warranty under the Song-Beverly Warranty Act; and (3) Fraudulent Inducement - Concealment. (See Complaint.) Plaintiffs also requested punitive damages. Id.

On September 22, 2020, the parties filed a stipulation to dismiss Plaintiffs' third cause of action, Fraudulent Inducement, with prejudice, and strike Plaintiffs' request for punitive damages. (See Dkt. No. 10.) The Court approved the stipulation on September 29, 2020. (Dkt. No. 11.) On October 22, 2020, the Court granted Defendant's Motion to Dismiss Plaintiffs' First Cause of Action. (Dkt. No. 15.)

All that remains is a single cause of action for Breach of Express Warranty under the Song-Beverly Warranty Act.

On October 28, 2020, Plaintiffs filed this Motion. (Motion.) Defendant FCA opposed on November 30, 2020. ("Opposition," Dkt. No. 18.) On December 7, 2020, Plaintiffs filed a Reply. ("Reply," Dkt. No. 19.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

The right to remove is not absolute, even where original jurisdiction exists. A defendant may not remove on diversity jurisdiction grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such an action is brought." 28 U.S.C. § 1441(b)(2). And a defendant must remove "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b).

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

## III. DISCUSSION

Defendant removed this action on diversity grounds. (See Dkt. No. 1.) Plaintiffs are citizens of California; Defendant FCA is incorporated in Delaware and has a principal place of business in Michigan. (Id. ¶¶ 15-16.) In the Motion, Plaintiffs argue that diversity jurisdiction is improper here because their damages are capped by the Song-Beverly Act and fall below the $75,000.00 threshold for diversity jurisdiction. (See Motion.)

Plaintiffs' argument is unavailing. They admit that requested damages for their Song-Beverly Act claim equal the statutorily-permitted number of twice their "actual damages," which

are calculated using the price of the vehicle they purchased from Defendant, $43,513.78, minus any reduction in value directly attributable to them.  (Motion 5-6.)  This number by itself is likely to exceed $75,000.00.

However, Plaintiffs also argue that attorneys' fees are too speculative to include toward the amount in controversy requirement.  (Id. at 6.)[1]  This argument fails as well.  Defendant argues correctly that as a matter of law, a reasonable estimate of attorneys' fees is included in the amount in controversy calculation.  (Opposition 14; see also Guglielmino v. McKee Foods Corp., 506 F.3d 696, 700 (9th Cir. 2007).)

Plaintiffs make compelling arguments that Song-Beverly Act cases are more suitable for California courts.  (Motion 9-10.)  But Defendant has demonstrated by a preponderance of evidence that Plaintiffs' amount-in-controversy exceeds $75,000.00.  (Dkt. No. 1; Opposition 8-9.)  The Court may not rewrite the law of federal jurisdiction.

## IV.  CONCLUSION

For the reasons above, the Court DENIES Plaintiff's Motion.  The December 21, 2020 hearing is VACATED.

**IT IS SO ORDERED.**

---

[1] Plaintiffs also make arguments based on their claim for Breach of Implied Warranty. (See Motion 7-8.)  Plaintiffs are advised that that claim has been dismissed.  (See Dkt. No. 15.)